IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE E&E GROUP, LLC, | No. C-08-4597 MMC |
|     Petitioner, | **ORDER TO SHOW CAUSE** |
|   v. | |
| SDB TRADE INTERNATIONAL, L.P., | |
|     Respondent.                        / | |

Before the Court is petitioner The E&E Group, LLC's ("E&E") "Petition to Enforce Mediation and Arbitration Agreement in Northern California Venue," filed October 3, 2008 and noticed for hearing December 5, 2008, by which E&E seeks an order directing the parties to conduct, in this district, mediation and arbitration proceedings that were previously ordered by the United States District Court for the Southern District of Texas in a prior action. E&E has filed a Memorandum in support of its petition, respondent SDB Trade International, L.P. ("SDB") has filed an "Answer and Response" as well as a Brief in opposition, and E&E has filed a Reply to the Answer as well as an Objection to SDB's Brief as untimely, to which objection SDB has filed a Memorandum in Opposition.[1]

---

[1] E&E's Memorandum in support of its petition is, in essence, a motion for summary judgment. The parties' dispute regarding the timing of the briefing thereon is the result of E&E's having noticed the hearing for a date that does not comply with the Civil Local Rules of this district. See Civ. L.R. 7-2(a) (providing motions must be noticed for hearing "not less than 35 days after service of the motion"). E&E noticed the matter for hearing on

Litigation concerning the contract dispute that is the subject of the instant action began in November 2007, when SDB filed an action against E&E and E&E's principals in Texas state court. (See Spitters Decl. ¶ 3.) E&E removed the state court action to the United States District Court for the Southern District of Texas ("Texas district court"). (See id.) Thereafter, E&E moved to compel mediation and arbitration of the dispute pursuant to the parties' Non-Circumvention, Non-Disclosure & Working Agreement ("Agreement") (see id.), and, on May 15, 2008, the Texas district court granted petitioner's motion and dismissed the action (see Spitters Decl. Ex. D (SDB Trade Int'l v. E&E Group, LLC, No. H-08-226, at 19 (S.D. Tex. May 15, 2008)) (hereafter, "Texas order") at 19). In the instant action, E&E argues that, given the ill health and lack of mobility of E&E's CEO and Managing Director, who resides in Sausalito, California, this Court should exercise its discretion under the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to direct that the mediation and arbitration proceedings ordered by the Texas district court take place in this district. (See Petitioner's Brief at 8.) SDB takes the position that any mediation and arbitration proceedings must occur in the Southern District of Texas. (See Respondent's Opposition Brief at 2.)[2]

In requesting that this Court decide the appropriate venue for the mediation and arbitration proceedings, E&E is requesting, in essence, that this Court enter an order

---

November 6, 2008; if the hearing had been noticed for December 12, 2008, as required by the Local Rules, SDB's opposition would have been due November 21, 2008, and E&E's reply would have been due November 28, 2008. See Civ. L.R. 7-3(a), (c). In any event, as set forth, infra, the Court does not reach the merits of the petition herein.

[2]The parties interpret the Texas order as not having addressed the issue of the appropriate venue for the mediation and arbitration proceedings. (See Pet. ¶ 13; Answer ¶ 13.) In that order, the court stated:

> The Court notes that the arbitration clause specifies venue will be in London, England and the applicable substantive law is "the LAW OF ENGLAND." E&E avers it does not seek to enforce the venue and choice of law provisions and further contends those provisions are severable, even though the arbitration clause is enforceable. However, E&E does not move the Court to sever the venue provision or ask the Court to specify an alternate venue.

(See Texas order at 5 n.4.)

modifying an order issued in an action adjudicated by another district court.  E&E, however, cites to no statute or case that supports its contention that this Court has the authority to enter such an order or that a court other than that which compels arbitration proceedings has the authority to determine where such proceedings shall take place.[3]  Nor has E&E attempted to explain why, even if the Court has such authority, the Court should not transfer the instant action to the Texas district court for the purpose of deciding where the mediation and arbitration proceedings it ordered are to occur.  See 28 U.S.C. §§ 1404, 1406.

  Accordingly, E&E is hereby ORDERED TO SHOW CAUSE, in writing and no later than December 12, 2008, why the above-titled action should not be dismissed or, alternatively, transferred to the Southern District of Texas.  SDB may file a reply to E&E's response to the order to show cause no later than January 2, 2008.  The matter will stand submitted on the date the reply is due, and will be decided without a hearing, unless the Court determines, after reviewing the parties' submissions, that a hearing is necessary.  See Civ. L.R. 7-1(b).

  In light of the above, the hearing scheduled for December 5, 2008 is hereby VACATED and will be reset, if necessary, following the Court's resolution of the Order to Show Cause.

**IT IS SO ORDERED.**

Dated:  November 26, 2008

              _____
               MAXINE M. CHESNEY
               United States District Judge

---

[3] In each of the cases cited by E&E in which a court compelled arbitration proceedings, the court that compelled those proceedings also decided the place such proceedings were to be conducted.  See Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co., 524 F.2d 1275, 1276-77 (5th Cir. 1975); Cont'l Grain Co. v. Dant & Russell, Inc., 118 F.2d 967, 968 (9th Cir. 1941); Homestead Lead Co. of Mo. v. Doe Run Res. Corp., 282 F. Supp. 2d 1131, 1143-44 (N.D. Cal. 2003).