IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE E&E GROUP, LLC, | No. C-08-4597 MMC |
|     Petitioner, | **ORDER TRANSFERRING ACTION** |
|   v. | |
| SDB TRADE INTERNATIONAL, L.P., | |
|     Respondent.                        / | |

On November 26, 2008, the Court ordered petitioner The E&E Group, LLC ("E&E") to show cause why the action should not be dismissed or, alternatively, transferred to the United States District Court for the Southern District of Texas ("Texas district court"), which court previously ordered the parties to mediate and arbitrate the contract dispute that is the subject of the instant action. On December 12, 2008, E&E responded to the Court's Order to Show Cause ("OSC"). On December 13, 2008, respondent SDB Trade International, L.P. ("SDB") replied to E&E's response.[1] Having read and considered the parties' submissions, the Court rules as follows.

As SDB points out, E&E has failed to cite any case or statute that supports E&E's contention that this Court has the authority to determine the venue for arbitration

---

[1] By such response, SDB requests that the Court transfer the action to the United States District Court for the Southern District of Texas (see Reply at 5:22-23) and does not seek an order dismissing the action.

proceedings previously ordered by the Texas district court.[2] In particular, in no case cited by E&E, either in its memorandum in support of its petition or in its response to the OSC, did a court other than that which compelled arbitration proceedings decide where those proceedings were to occur; rather, in each case in which arbitration proceedings were compelled, the court compelling arbitration either, as previously noted, decided the location for the proceedings (see OSC at 3 n.3), or did not address the issue, see In re Verisign, Inc. Derivative Litig., 531 F. Supp. 2d 1173, 1224 (N.D. Cal. 2007) (granting motion to compel arbitration without addressing venue for arbitration proceedings).[3]

  E&E nonetheless argues that the Texas district court, by denying SDB's Emergency Motion for Relief from Final Judgment ("Rule 60(b) Motion"), "declined to pass on the issue of venue," and, consequently, "it is unclear that a just resolution of this issue would be obtained by dismissing or transferring the instant [p]etition." (See Response to OSC at 3:26-28; Supplemental Spitters Decl., filed Nov. 11, 2008, Ex. A (SDB Trade Int'l v. E&E Group, LLC, No. H-08-226 (S.D. Tex. Oct. 31, 2008) (hereafter, "Rule 60(b) Order")).) To the extent E&E is suggesting that, if the action were transferred to the United States District Court for the Southern District of Texas, such court would decline to hear it, the Court disagrees. First, contrary to E&E's assertion, it is not clear from the record that the Texas district court "declined" to pass on the issue of venue. (See Response to OSC at 3:26; Spitters Decl., filed Oct. 3, 2008, Ex. D (SDB Trade Int'l v. E&E Group, LLC, No. H-08-226 (S.D. Tex. May 15, 2008) (hereafter, "Arbitration Order"), at 5 n.4).)[4] Second, the Texas

---

[2] SDB appears to have agreed to conduct the mediation proceedings in San Francisco, California, on the condition that a date for the subsequent arbitration proceedings be fixed. (See Gallagher Decl., filed Dec. 13, 2008, Ex. E (letter from counsel for SDB to counsel for E&E).)

[3] The question of venue for the arbitration proceedings in Verisign does not appear to have been raised.

[4] In its Arbitration Order, the Texas district court stated:

> The Court notes that the arbitration clause specifies venue will be in London, England and the applicable substantive law is "the LAW OF ENGLAND." E&E avers it does not seek to enforce the venue and choice of law provisions and further contends those provisions are severable, even though the arbitration clause is

2

1  district court's order denying SDB's Rule 60(b) Motion says nothing, either explicitly or
2  implicitly, about how the court would rule on the instant petition.  (See Rule 60(b) Order.)
3  Finally, E&E has failed to indicate any legal ground upon which the Texas district court
4  might dismiss the instant action.

5        E&E's arguments that SDB "wrongfully commenced and prosecuted the Texas
6  Litigation" (see Response to OSC at 4:7) and that "the 'center of gravity' of the parties
7  dispute is located [in this district]" (see id. at 4:17) likewise are unavailing.  Regardless of
8  how the issue came before it, the Texas district court previously ordered the parties to
9  mediate and arbitrate their dispute.  As set forth in this Court's OSC, E&E, in the instant
10 action, "is requesting, in essence, that this Court enter an order modifying an order issued
11 in an action adjudicated by another district court."  (See OSC at 2:18-3:1.)  As discussed,
12 E&E has failed to demonstrate this Court has the authority to enter such an order.

13       Accordingly, for the reasons stated above, the action is hereby transferred to the
14 United States District Court for the Southern District of Texas.  See 28 U.S.C. §§ 1404,
15 1406.

16 **IT IS SO ORDERED.**

17
18 Dated:  December 29, 2008

                                                MAXINE M. CHESNEY
19                                                 United States District Judge

---

27     enforceable.  However, E&E does not move the Court to sever the venue provision or ask the Court to specify an alternate venue.
28 (See Arbitration Order at 5 n.4.)